MEMORANDUM**
In these consolidated petitions, Ra-chhpal Singh Sidhu, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”) (No. 06-75196), and the BIA’s order denying his motion to reconsider (No. 07-70341). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 998 (9th Cir.2003), we review de novo due process claims, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000), and we review for abuse of discretion the denial of a motion to reconsider, Lara-Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004). In No. 06-75196 we dismiss in part and deny in part the petition for review, and in No. 07-70341 we deny the petition for review.
Substantial evidence supports the agency’s determination that, even if petitioner’s testimony was credible and he established the presumption of a well-founded fear of future persecution, the government rebutted the presumption by showing changed country conditions, see 8 C.F.R. § 1208.13(b)(l)(i)(A), and petitioner’s ability to relocate to another part of India, see 8 C.F.R. § 1208.13(b)(1)(i)(B); Gonzalez- *536 Hernandez, 336 F.3d at 998-99. Accordingly, petitioner’s asylum claim fails.
Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
We lack jurisdiction to consider petitioner’s challenge to the IJ’s denial of his CAT claim because he did not exhaust this claim before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004).
The record does not support petitioner’s contention that the IJ exhibited bias. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).
The BIA did not abuse its discretion in denying petitioner’s motion to reconsider because the motion failed to identify any error of law or fact in the BIA’s October 26, 2006 order that would justify granting relief. See 8 C.F.R. § 1003.2(b)(1). We reject petitioner’s contention that the BIA applied the incorrect standard to his CAT claim.
No. 06-75196: PETITION FOR REVIEW DISMISSED in part; DENIED in part.
No. 07-70341: PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.